UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE MARIE CARROLL,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security<br><br>Defendant. | No.  2:15-cv-2076-EFB<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for a period of disability and Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.  The parties have filed cross-motions for summary judgment.  For the reasons discussed below, plaintiff's motion for summary judgment is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I.      BACKGROUND

Plaintiff filed applications for a period of disability, DIB, and SSI, alleging that she had been disabled since April 29, 2007.  Administrative Record ("AR") 220-236.  Her applications were denied initially and upon reconsideration.  *Id.* at 135-142, 146-150.  On August 21, 2013, a hearing was held before administrative law judge ("ALJ") L. Kalei Fong.  *Id.* at 39-82.  Plaintiff

1

was represented by counsel at the hearing, at which she and a vocational expert ("VE") testified. *Id.*

On October 31, 2013, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Act.[1] *Id*. at 22-33. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2010. The claimant has not established disability on or prior to March 31, 2010.

2. The claimant has not engaged in substantial gainful activity since April 29, 2007, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

\* \* \*

3. The claimant has the following severe impairment: anxiety (20 CFR 404.1520(c) and 416.920(c)).

\* \* \*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: due to her anxiety, she is limited to performing simple repetitive tasks. She is able to frequently interact with supervisors, occasionally interact with co-workers, and minimally interact with the public. She needs to avoid jobs that include hazards (e.g., heights and machinery). She is able to maintain concentration and pace to perform simple repetitive tasks. She needs to avoid any type of competitive fast-paced jobs.

\* \* \*

6. The claimant is unable to perform any past relevant work (work performed in the past 15 years, performed long enough to learn, and performed as substantial gainful activity) (20 CFR 404.1565 and 416.965).

\* \* \*

7. The claimant was born [in] 1966 and was 41 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

\* \* \*

/////

3

> 11. The claimant has not been under a disability, as defined in the Social Security Act, from April 29, 2007, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

*Id.* at 23-35.

Plaintiff's request for Appeals Council review was denied on April 24, 2015, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 5-8.

## II.   LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). ECF No. 13 at 15-22.

## III.   ANALYSIS

Plaintiff argues that the ALJ erred by (1) finding that her shoulder impairment was not severe at step-two of the sequential evaluation, (2) rejecting her subjective complaints absent clear and convincing reasons, (3) improperly assessing her RFC, and (4) failing to fully develop the record.

A.  The ALJ's Step-Two Finding is Supported by Substantial Evidence

Plaintiff first argues that the ALJ erred at step-two by finding that she does not have severe shoulder impairment. "The step-two inquiry is a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). The purpose is to identify claimants whose medical impairment is so slight that it is unlikely they would be disabled even if age, education, and experience were not taken into account. *Bowen v. Yuckert*, 482 U.S. 137 (1987). At step two of the sequential evaluation, the ALJ determines which of claimant's alleged impairments are "severe" within the meaning of 20 C.F.R. §§ 404.1502(c) and 416.924(c). A severe impairment is one that "significantly limits" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). "An impairment is not severe if it is merely 'a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 96-3p).

According to plaintiff, "every doctor providing medical opinion evidence testified that [she] at least had a medically determinable impairment of her left shoulder." ECF No. 13 at 16. The relevant inquiry at step-two, however, is not whether plaintiff merely has an identifiable impairment. Rather, the ALJ must determine whether plaintiff's impairments significantly limit her ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); *see also Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) ("The mere existence of an impairment is insufficient proof of disability.").

Although the evidence of record shows that plaintiff had a left shoulder impairment, the ALJ reasonably determined that the impairment was not severe. Plaintiff's medical records establish that she first reported shoulder pain in January 2012. AR 417. However, an x-ray taken that month showed that the left shoulder was normal. *Id*. at 418. Plaintiff subsequently underwent physical therapy to address her shoulder pain. *Id*. at 429. The physical therapy initial evaluation indicated that plaintiff presented with left shoulder adhesive capsulitis as well as positive impingement sign, deceased left shoulder range of motion and strength, and general loss

5

of functional mobility. *Id*. at 430. After 6 weeks of treatment, plaintiff showed no significant change in her condition, and the physical therapist concluded that plaintiff would require shoulder manipulation under anesthesia. *Id*. at 432.

An MRI of plaintiff's shoulder, which was completed in July 2012, showed only minimal supraspinatus tendinosis, no evidence for a rotator cuff tear, and the glenoid labrum appeared intact. *Id*. at 468. In October 2012, plaintiff reported that her left shoulder was frozen with pain. *Id*. at 449. On examination, her shoulder showed decreased range of motion, especially with abduction and extension. *Id*. at 450. Despite these findings, the only impression noted by plaintiff's treating physician, Dr. Budhram, was diabetes mellitus, with no complications but uncontrolled. *Id*.

On November 2, 2012, orthopedic surgeon Dr. Mathew Paul reported that plaintiff had moderate to severe capsulitis. *Id*. at 490. Two weeks later, Dr. Paul performed arthroscopy of the shoulder with manipulation and debridement. *Id*. at 485-487. The procedure appeared to be successful, as subsequent treatment notes do not document any complaints of shoulder pain. A March 2013 treatment notes reflects only treatment for diabetes. *Id*. at 473-474. The note does not reflect any complaints of shoulder pain and objective findings showed that her extremities were within normal limits. *Id*. Two months later, plaintiff was seen for anxiety, back pain, and redness on her face, but no shoulder complaints were noted and objective findings again indicated that her extremities were within normal limits. *Id*. at 470-472.

This evidence supports the ALJ's finding that plaintiff's shoulder impairment was not severe. The record contains minimal objective findings, with plaintiff's x-ray and MRI showing no more than minimal abnormalities. While the record does indicate that plaintiff experienced left shoulder pain, treatment notes strongly suggests that surgery resolved her pain. The record shows that once successfully treated, the condition had no more than a minimal effect on the ability to do basic work activities. Accordingly, the ALJ reasonably determined that plaintiff's shoulder impairment was not severe. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (court's must defer to the ALJ's reasonable interpretation of the evidence).

/////

B. <u>The ALJ Failed to Provide Sufficient Reasons for Rejecting Plaintiff's Testimony</u>

Plaintiff next argues that the ALJ erred by failing to provide clear and convincing reasons for discrediting his subjective complaints. ECF No. 13 at 16-18.

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. *See id*. at 345–47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. *See Flaten v. Secretary of HHS*, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, *see Quang Van Han v. Bowen*, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. *Marcia v. Sullivan*, 900 F.2d 172, 177 n. 6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 599 (9th Cir. 1999).

At the administrative hearing, plaintiff testified that she is unable to work due to anxiety, lower back pain, hip pain, and numbness in her right hand and foot. AR 45. She claimed that due to her anxiety, she is not able to come out of her house. *Id*. She further stated that her anxiety, which first began in 2003, causes her to be afraid of large groups of people and to not leave her bedroom. *Id*. at 54. She also reported experiencing difficulty sleeping due to back, leg, and shoulder pain, and that her diabetes increased her insomnia and caused her to get overly tired

when her blood sugar is elevated. *Id*. at 60-62. She also testified that due to her impairments she would likely miss 3 days of work each week, *id*. at 64, and that her diabetes, anxiety, and hypertension would require her to take unscheduled breaks. *Id*. at 65-67.

Plaintiff also completed a functional report, which indicated that she is unable to sit or stand without knee or hip pain. AR 337. She reported difficulty sleeping due to lower back pain, shortness of breath, and an inability to reach overhead. *Id*. at 337-338. She is able to make simple meals and perform light housework, including washing dishes, sweeping, and doing laundry, but indicated that it would days to complete such chores. *Id*. at 339.

The ALJ ultimately determined that plaintiff was not "wholly credible." AR 30. The ALJ, however, provided no meaningful explanation for how he reached this conclusion, and instead offered only unsupported conclusions. For instance, the ALJ found that plaintiff was not credible because "[t]here is a minimal amount of evidence in this record." The ALJ, however, does not explain how the size of the record undermines plaintiff's testimony, nor did he discuss the substance of any particular record that may have undermined plaintiff's credibility. This is not a case in which there was no medical evidence that could be addressed. The ALJ's general conclusion, without reference to any particular evidence, falls far short of satisfying the clear and convincing standard required for rejecting a plaintiff's testimony. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."); *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) ("[T]e ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony").

In the same vein, the ALJ rejected plaintiff's complaints of anxiety, concluding that plaintiff "is able to function on a daily basis in spite of being 'very, very afraid to leave her house." The ALJ, however, failed to identify or discuss any evidence supporting his conclusion that plaintiff is able to function on a daily basis. As just noted, such a conclusory statement is insufficient to reject plaintiff's testimony.

/////

The only other reason provided for discrediting plaintiff's statements was that "the available medical evidence does not support her testimony," and that the "medical record only shows mild findings."[2] This conclusory finding is also unaccompanied by any citation or reference to specific evidence in the record. Aside from the conclusory nature of this finding, a lack of medical evidence fully corroborating plaintiff's testimony cannot be the sole basis for an adverse credibility determination. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("An ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain.").

Accordingly, the matter must be remanded based on the ALJ's failure to provide legally sufficient reasons for rejecting plaintiff's testimony.[3]

IV.   CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

---

[2] The Commissioner argues that the ALJ properly rejected plaintiff's testimony based on various inconsistencies in the record. ECF No. 14 at 13-15. The Commissioner contends that plaintiff's testimony that she had difficulty walking and was afraid to leave her house was contradicted by an agency representative's report that despite complaints of pain, plaintiff had no problems with grooming, sitting, standing, and walking. ECF No. 14 at 13. While the representative's observations are included in the ALJ's summary of the record, the ALJ did not find that these observations were inconsistent with plaintiff's statements or provided a basis for rejecting her testimony. *See* AR 30. The Commissioner also argues that the ALJ properly concluded that plaintiff was not credible based on an examining physician's finding that plaintiff was not very cooperative during her physical examination. ECF No. 14 at 13. Again, while the ALJ's decision included a summary of the examining physician's findings, including plaintiff's lack of effort, the ALJ did not rely on this evidence in rejecting plaintiff subjective complaints. The additional reasons advanced by the Commissioner, which were not relied upon by the ALJ, do not provide a basis for sustaining the ALJ's credibility determination. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require [the court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (a district court is "constrained to review the reasons the ALJ asserts").

[3] Because the matter must be remanded for further consideration of plaintiff's credibility, the court declines to address plaintiff's remaining arguments.

3. The matter is remanded for further consideration consistent with this order; and

4. The Clerk is directed to enter judgment in plaintiff's favor.

DATED: March 30, 2017.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE